Argued September 10, affirmed September 22, 1971

JOHNSON, *Appellant, v.* DEVELCO, INC. ET AL, *Respondents.*

488 P2d 794

*Nicholas D. Zafiratos,* Astoria, argued the cause for appellant. With him on the brief was Frances M. Stamp, Astoria.

*William C. Ogilvy,* Portland, argued the cause for respondent Develco, Inc. With him on the brief were Wheelock, Richardson, Niehaus, Baines & Murphy, Portland.

Before O'CONNELL, C. J., and DENECKE, HOLMAN, TONGUE, and LANGTRY, Justices.

PER CURIAM.

Plaintiff brought a suit to foreclose a mechanics lien for the balance claimed on the agreed and reasonable value of materials used and services performed in plumbing a 24-unit condominium at the Gearhart Golf Course. Defendant Develco, Inc., was the owner of the premises, the builder of the improvements, and the only defendant making an appearance. Plaintiff appealed from a decree in favor of defendant.

Plaintiff contended the parties agreed that he should be paid cost plus 15 per cent for overhead and 7 per cent for profit. Defendant contended that the agreement was cost plus 7 per cent for profit, or $1,381 per unit for each of the 24 units, whichever was the lesser amount. In addition, plaintiff made certain claims for extras not provided for in the plans and specifications. Defendant admitted its obligation for part of these claims only. Plaintiff claimed, under his version of the contract, a total of $57,899.51 for services and materials on which $34,452.17 had been paid, leaving a balance owing of $23,447.34. Defendant claimed plaintiff was fully paid. The parties agree that plaintiff did not complete the job.

The trial court found that there was no agreed price for doing the work and furnishing the materials because there had been no meeting of the minds; that the reasonable value of the work to have been performed by plaintiff in accordance with the plans and specifications was $36,200; that the reasonable value of the extras ordered during construction was $2,810.09, making a total reasonable value for the completed job of $39,010.09; that defendant paid to plaintiff $34,452.17; that, in addition, defendant paid $4,557.92 for materials and work to complete the job

in accordance with the plans and specifications; and, that, therefore, the plaintiff had been fully paid.

Plaintiff claims that the trial court erred in not finding the basic agreement to be in conformance with his contention and also that there was insufficient evidence to sustain the court's finding concerning the reasonable value of the work plaintiff performed. All disputed matters are ones of fact or involve the sufficiency of the evidence. Nothing would be added to the jurisprudence of this state by an extended discussion of these issues here. We have read the transcript and find there was clearly sufficient evidence to sustain the trial court's findings. We do not disagree with the manner in which the court decided the disputed factual matters.

We, therefore, affirm the decree of the trial court.